UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EZEKIEL MASSIAH,

    Plaintiff,

v.   Case No: 8:14-cv-779-T-36MAP

SECURITAS SECURITY SERVICES
USA, INC.,

    Defendant.
_____/

## **ORDER**

This matter comes before the Court upon the Defendant's Motion to Dismiss Pursuant to Rule 12(b)(6) (Doc. 11), filed on May 30, 2014. Plaintiff filed his response on July 22, 2014. *See* Doc. 17. The Court, having considered the parties' submissions and being fully advised in the premises, will grant, in part and deny, in part Defendant's Motion to Dismiss Pursuant to Rule 12(b)(6).

**I.   Factual Allegations[1]**

Plaintiff's complaint alleges that he was employed by Defendant for 7.5 years as a security officer. *See* Doc. 1 at p. 1. Plaintiff states that he is over 80 years of age and was harassed during his employment due to his age. *Id.* at p. 3. Plaintiff made complaints about this harassment to Defendant on more than one occasion. *Id.* at p. 10-14. Plaintiff was terminated from his employment in October of 2012. *Id*. On January 25, 2013, he filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging age discrimination and

---

[1] The following statement of facts is derived from Plaintiff's Complaint (Doc. 1), the allegations of which the Court must accept as true in ruling on the instant Motion to Dismiss. *Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992); *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp. S.A.*, 711 F. 2d 989, 994 (11th Cir. 1983).

retaliation. *Id*. On or about January 23, 2014, the EEOC issued Plaintiff a Notice of Rights. *Id*. at p. 2. Plaintiff then filed this action on April 2, 2014. *Id.* at p. 1.

**II.     Standard of Review**

To survive a motion to dismiss, a pleading must include a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). Labels, conclusions and formulaic recitations of the elements of a cause of action are not sufficient. *Id*. (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Furthermore, mere naked assertions are not sufficient. *Id*. A complaint must contain sufficient factual matter, which, if accepted as true, would "state a claim to relief that is plausible on its face." *Id*. (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted). The court, however, is not bound to accept as true a legal conclusion stated as a "factual allegation" in the complaint. *Id*.

When, as here, documents are attached as exhibits to the pleading those documents are considered a part of the pleading for all purposes. *See* Fed. R. Civ. P. 10(c). If there is a conflict between the complaint and the supporting documents, the information contained in the supporting documents controls. *Day v. Taylor,* 400 F.3d 1272, 1276 (11th Cir. 2005).

**III.    Discussion**

Defendant argues that Plaintiff's Complaint should be dismissed for failure to state a claim under the Age Discrimination in Employment Act ("ADEA") and that Plaintiff should be granted leave to file an amended complaint. *See* Doc. 11 at p. 3.

The ADEA prohibits employers from taking an adverse employment action against an employee who is at least 40 years of age because of that employee's age. 29 U.S.C. §§ 623(a),

631(a). To state a claim for discrimination under the ADEA, a plaintiff must allege that: (1) he is a member of a protected class; (2) he was subjected to an adverse employment action; (3) his employer treated similarly situated employees outside of his protected class more favorably than he was treated; and (4) he was qualified to do the job. *Burke-Fowler v. Orange County, Fla.,* 447 F.3d 1319, 1323 (11th Cir. 2006). As shown above, Plaintiff has sufficiently alleged that he was over the age of 40, he was involuntarily terminated from his job, and that comments had been made suggesting that his employer believed he was "too old" for his job. However, Plaintiff has not alleged facts showing that his employer treated similarly situated employees outside of his protected class more favorably than he was treated, or that he was qualified to do the job. Thus, his claim for age discrimination will be dismissed without prejudice.

The ADEA also prohibits retaliation against an employee who complains of age discrimination in the workplace. In order to state a claim for retaliation, plaintiff must allege that (1) he engaged in statutorily protected expression; (2) he suffered an adverse employment action; and (3) the adverse action was causally related to the protected activity. *Webb-Edwards v. Orange Cnty. Sheriff's Office*, 525 F.3d 1013, 1028 (11th Cir. 2008) (citing *Wideman v. Wal-Mart Stores, Inc.,* 141 F.3d 1453, 1454 (11th Cir. 1998)). Plaintiff has alleged facts, construed liberally, which support each of these elements. Thus, while Plaintiff's Complaint is not perfect, it suffices to state a claim upon which relief can be granted for ADEA retaliation. Accordingly, it is

**ORDERED** that:

1. Defendant's Motion to Dismiss Pursuant to Rule 12(b)(6) (Doc. 11) is GRANTED in part and DENIED in part;

2. Plaintiff's claim for age discrimination is DISMISSED without prejudice; and

3

3.  Plaintiff shall have leave to file an amended complaint within 21 days of this Order. In drafting his amended complaint, Plaintiff should be mindful that a plaintiff must allege his claim(s) in a legible manner with numbered paragraphs, incorporating by reference other parts of the pleading for clarity. Fed. R. Civ. P. 10. Relevant facts should be segregated to each of their respective claims, such as Count I and Count II. *See Beckwith v. Bellsouth Telecommunications, Inc.*, 146 Fed. Appx. 368, 372 (11th Cir. 2005). Failing to comply with these rules may result in an impermissible "shotgun pleading," wherein counts often contain irrelevant factual allegations. *See Johnson Enterprises of Jacksonville, Inc. v. FPL Group, Inc.*, 162 F.3d 1290, 1333 (11th Cir. 1998) ("[Shotgun pleadings] invariably begin with a long list of general allegations, most of which are immaterial to most of the claims for relief.").

**DONE AND ORDERED** in Tampa, Florida on July 28, 2014.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties